Charles A. Eckels v. George M. Smyser, Appellant.

*Attachment under act of 1869—Interpleader—Res judicata.*
Where a rule to dissolve an attachment under the act of March 17, 1869, is granted on the application of the defendant, the action of the court in discharging the rule and continuing the attachment does not in any way affect the right of the garnishee to claim the property attached, and to have interpleader to determine his right thereto.

Argued Jan. 12, 1897. Appeal, No. 449, Jan. T., 1896, by defendant, from judgment of C. P. No. 4, Philadelphia County, June T., 1894, No. 1375, on verdict for plaintiff. Before STER-

RETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Feigned issue to determine the ownership of a fund of $2,045.61, deposited in the Commonwealth Title, Insurance & Trust Company by agreement of all parties in interest.

At the trial it appeared that on May 3, 1893, Howard S. Eckels sold an undivided half interest in a drug store in Germantown to Walter S. Froelich, and received the pay for it.   He sold the remaining undivided half interest to Henry W. Wellensieck, but did not receive the pay for it, and by agreement it reverted to Eckels on May 3, 1894.   May 4, 1894, Eckels sold and delivered this half interest to John Harlow, his father-in-law.   In the following June, Charles A. Eckels, upon an execution against John Harlow, sold this half interest at sheriff's sale as the property of said Harlow, and bought it at said sale.   In August, 1894, George M. Smyser made affidavit that Howard S. Eckels was indebted to him in the sum of $2,000 upon two promissory notes, and that said Eckels was about to remove his property out of the jurisdiction of the court with intent to defraud his creditors ; that he had property, rights in action, and evidences of debt which he fraudulently concealed; that he had assigned, disposed of and removed, and was about to assign, dispose of and remove such property, money, rights in action and evidences of debt, with intent to defraud his creditors.   By virtue of this affidavit he obtained a writ of attachment under the act of March 17, 1869, and attached this one half interest in the store as the property of said Eckels, and named Charles A. Eckels as garnishee.   Howard S. Eckels filed an affidavit denying these allegations, and obtained a rule to dissolve the attachment.   Depositions were taken and the court discharged the rule and refused to dissolve the attachment. Judgment was then entered against the defendant on the claim. By agreement of all the interested parties this one half interest was sold to Walter S. Froelich, who already owned the other one half interest; and the proceeds of sale, $2,045.61, were deposited with the Commonwealth Title, Insurance & Trust Company to abide the final determination of a feigned issue granted on the petition of Charles A. Eckels who claimed said fund as his sole property, and prayed that an issue might be

granted between himself and the said George M. Smyser to test the ownership of said fund. Exceptions were filed by Smyser to the granting of the issue.

At the trial of the issue Smyser objected to the admission of any evidence as to the title of Charles A. Eckels, claiming that the question of fraud in the transfer of the half interest in the drug store had been decided in favor of himself by the action of the court in continuing the attachment.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1) in awarding an interpleader on the petition of Charles A. Eckels after the question of fraud had been decided by the court in the attachment case to which he was a party; (2) in permitting a jury to pass upon the same evidence in support of the interpleader claim as had been held, in the attachment case, to make a fraudulent transaction between the same parties; (3) in not ordering the proceeds of said attached interest to be paid to the plaintiff in the attachment.

*E. Cooper Shapley*, for appellant.—This court.held in Walls v. Campbell, 125 Pa. 346, that if the court below refused to dissolve the attachment, the question of fraud having been passed upon by the court, could not again be raised in the case. If the court had dissolved the attachment, Smyser would have been thereafter concluded as to the question of fraud, both as to the parties on the record and the sureties on the attachment bond: Hoge v. Norton, 22 Kan. 374. Where the parties in interest have once had all matters in regard to the validity of a transfer fully investigated in a court of competent jurisdiction, they are bound by the result: Baxter v. Myers, 85 Iowa, 328; Wharton on Evidence, sec. 763; Larum v. Wilmer, 35 Iowa, 244; Stoddard v. Thompson, 31 Iowa, 80; Peterson v. Lothrop, 34 Pa. 229.

A judgment against a defendant who has a right of action over against a third party is conclusive upon the latter, provided he has notice and a full opportunity to defend: Washington Gas Light Co. v. District of Columbia, 161 U. S. 316.

*William S. Stenger*, with him *Oliver E. Shannon*, for appel-

lee.—Where money is paid into court by a garnishee, and there are contesting claimants, the court will award a feigned issue to try the right: Hiller v. Good, 2 L. Bar. 129.

Error will not lie to a feigned issue, directed to inform the conscience of the court: Neff v. Barr, 14 S. & R. 166; Baker v. Williamson, 2 Pa. 116; Brown v. Parkinson, 56 Pa. 336; Renninger v. Thompson, 6 S. & R. 1; Porter v. Lee, 16 Pa. 412; Ringwalt v. Ahl, 36 Pa. 336.

The garnishee can raise the question of the ownership of the goods, and plead a prior assignment: Beards v. Hathaway, 5 Luz. L. Reg. 259.

Where the court awards an issue, it should order who are to be the parties plaintiff and defendant, and what is the question of fact to be tried: Muhlenberg v. Brock, 25 Pa. 517.

The rule to dissolve the attachment was a rule by the defendant in the attachment case, to which appellee was not, and as garnishee could not have been under the law, a party, and the finding of the court was not that the transaction was a fraud as between George M. Smyser and Charles A. Eckels, garnishee, but that on the evidence taken by Smyser, on the rule to dissolve the attachment, the court simply decided that there was sufficient in the evidence to justify them in continuing the attachment against Howard S. Eckels.

PER CURIAM, January 25, 1897:

There was no error in awarding the feigned issue to determine the ownership of the fund, as between the parties thereto. The action of the court in discharging the rule to dissolve the attachment did not in any manner affect the right of Charles A. Eckels to claim the fund and ask an issue to determine his right thereto. The rule to dissolve the attachment was granted not on the application of Charles A. but of Howard S. Eckels. We find nothing in the record that would warrant us in sustaining either of the specifications of error. They are all overruled and the judgment is affirmed.